```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

FREDERICK BANKS,                     )
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )   CAUSE NO. 1:16-CV-208
                                     )
HON. RICHARD W. ROBERTS, et al.,     )
                                     )
          Defendants.                )

                         OPINION AND ORDER

Frederick Banks, a pro se prisoner housed in Butner FCI in North Carolina, is an abusive litigator. He is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g) because he has accumulated dozens of strikes. This is not news to him. He has been told this more than a hundred times. The United States District Court for the District Of Massachusetts recently explained his litigation history:

> Banks has, while a prisoner, filed numerous cases in federal district courts throughout the country that have been dismissed as malicious or frivolous or for failure to state a claim upon which relief may be granted. In 2008, this Court (Tauro, J.), identified ten such cases and denied his motion for leave to proceed in forma pauperis on that ground. *See Banks v. Sutherland*, C.A. No. 08-10880-JLT, Docket No. 3 (D. Mass. May 28, 2008). In 2013, a federal district court in Ohio identified 205 cases Banks had filed in federal district courts which had been dismissed at the pleading stage; of those cases, one third were dismissed as frivolous and the remaining two thirds were dismissed under the three strikes provision of 28 U.S.C. § 1915(g). *See Banks v. Valaluka*, C.A. No. 15-01935, 2015 WL 7430077, at *1 & n.1 (N.D. Ohio Nov. 18, 2015).

*Banks v. Eddy*, No. 1:16-CV-10974 (D. Mass June 10, 2016).

An inmate with three or more strikes "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In this case, Banks is seeking $500,000,000.00 from 36 defendants, including 18 judges, seven senators, the president of the United States because he has been targeted for telepathic surveillance. The complaint further alleges various events which will occur later this year, including his arrest by 40 FBI agents on August 7, 2016, and court testimony by one of those agents on August 11, 2016. Banks alleges that he has been previously found to be "paranoid, mentally ill, and delusional . . .." DE 1 at 1. Without regard to his mental condition, the allegations in this complaint are clearly delusional. They do not plausibly allege that he is under imminent danger of serious physical injury even if he has accurately predicted that he will be arrested by 40 FBI agents on August 7, 2016. Therefore he cannot proceed in forma pauperis.

Nevertheless, he filed an in forma pauperis petition. The Seventh Circuit requires that litigants who attempt to "bamboozle" the court – by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so – be restricted.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So, this case will be dismissed, the filing fee assessed, and Banks restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal in this case nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit

. . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For the reasons set forth above, the court:

(1) **DENIES** the in forma pauperis petition (DE 2);

(2) **DISMISSES** this case as frivolous and malicious pursuant to 28 U.S.C. § 1915A;

(3) **ORDERS** the plaintiff **Frederick Banks, BOP # 05711-068**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $400.00 filing fee is paid in full;

(4) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any civil case by or on behalf of Frederick Banks (except for a notice of appeal in this case or unless filed in a habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(5) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and

(6) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

DATED: June 14, 2016 /s/RUDY LOZANO, Judge
United State District Court